**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| **JEFFREY MARTIN SCHULMAN,** | § | 2:13-cv-01447-RFB-VCF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **PLAINTIFF'S SECOND OPPOSED MOTION TO** |
| | § | **EXTEND TIME TO RESPOND TO DEFENDANT'S** |
| | § | **MOTION FOR SUMMARY JUDGMENT** |
| **WYNN LAS VEGAS, LLC, WYNN RESORTS** | § | |
| **HOLDINGS, LLC, WYNN RESORTS LIMITED** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

COMES NOW, Plaintiff, Jeffrey Schulman (hereinafter "Schulman") and by and through his counsel, Damon Mathias and hereby moves this Court pursuant to Local Rules 6-1 and 26-4 for an Order: extending the time to respond to Defendant's Motion for Summary Judgment from August 29, 2014 to September 10, 2014.

This motion is made and based on the following memorandum of points and authorities, the pleadings and papers on file in this case, and any briefing and oral argument that is presented to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION/LR 26-4(a) Statement**

**PLAINTIFF'S OPPOSED MOTION TO EXTEND DEADLINE**                    1

On March 3, the parties submitted an agreed stipulation for an extension of time for discovery and on March 14 the Court ordered the discovery deadline extended to May 23, 2014.

Defendant filed its motion for summary judgment on June 20, 2014.

On June 30, 2014, the Court granted Plaintiff's motion to extend to depose Luz Cruz Vitaro and perform a 30(b)(6) deposition and further ordered Plaintiff answer Defendant's request for admissions. The Court further ordered Plaintiff's opposition to motion for summary judgment to be filed by August 29, 2014. On August 29, 2014, Plaintiff's counsel requested an extension to file a response by September 2, 2014.

## II.
## ARGUMENT

**A.    Standard for Motion to Extend**

Local Rule 26-4 states: "[a]pplications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.

While the primary basis for granting a motion to extend is because the party seeking the amendment has demonstrated diligence (which is shown here), courts also look to prejudice to the non-movant and the public's interest in having cases decided on their merits. See e.g., *Nelson v. Safeco Ins. Co. of Illinois*, 2011 WL

13848, at *1 (D. Nevada, Jan. 4, 2011) (granting plaintiff's motion to extend notwithstanding movant's lack of diligence because extension would not prejudice defendant and would serve the public's interest in having cases decided on their merits).

When determining whether good cause exists to re-open and/or extend discovery, the Court considers the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995) vacated on other grounds, 520 U.S. 939 (1997) (citing Smith v. United States, 834 F.2d 166, 169 (10th Cir.1987).

In addition, requests to extend a deadline filed less than 21 days before the expiration of that particular deadline must be supported by a showing of excusable neglect. See Local Rule 26-4. The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

## B. Statement in Support

Over the past several months and in the weeks prior to the this deadline. Plaintiff's counsel's firm has experienced drastic changes, going from a firm of two attorneys and three employees, to a firm of one attorney, acting as sole practitioner for the time being. This drastic change has shifted a significant amount of responsibility onto the firm's only remaining attorney. Counsel has made diligent effort to comply with the deadline to file opposition, but is unable to complete the filing before the scheduled deadline. Plaintiff requested a short extension on August 29 until Tuesday, September 2, 2014 to file its opposition to Defendant's motion for summary judgment. Unfortunately and despite diligence, counsel was unable to complete the response due to unforeseen issues coming up with other cases preventing him from completing the response by the September 2, 2014 deadline. Plaintiff respectfully requests one final extension to September 10, 2014.

## III.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully request that the Court extend the deadline for Plaintiff to file his opposition to Defendant's motion for summary judgment to September 10, 2014.

This request is not for the purpose of delay but so that justice may be done.

DATED this 3rd day of September 2014.

Respectfully submitted,

/s/ Damon Mathias

_____

Damon Mathias
State Bar No.: 24080170
8390 LBJ Freeway
Suite 500
Dallas, Texas 75243
Telephone: 214-739-0100
Facsimile: 214-739-0151
Email: damon@dallaslegalteam.com

**IT IS SO ORDERED.**

For the good cause noted in the motion, Plaintiff's [41] Second Motion to Extend Time is GRANTED.  IT IS HEREBY ORDERED that Plaintiff's Response to the Defendants' Motion for Summary Judgment is due on September 10, 2014.  The Defendants' Reply to this Response is due on September 29, 2014.

DATED this 9th day of September, 2014.

_____

RICHARD F. BOULWARE, II
United States District Judge

5

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon all parties to the above cause on this the September 3, 2014.


/s/ Damon Mathias
_____

Damon Mathias